IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK M. BOYD, JR.,

             Petitioner,                    No. 2:08-cv-2189 GEB JFM P

     vs.

M.C. KRAMER, Warden,

             Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court on respondents' motion to dismiss this action as barred by the one year statute of limitations, see 28 U.S.C. § 2244(d), and because petitioner failed to exhaust administrative remedies.

          Section 2244(d)(1) of Title 28 of the United States Code provides:

          A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

          (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On August 14, 2005, petitioner was issued a CDC-115 rules violation report alleging a correctional officer smelled the strong odor of alcohol coming from petitioner's cell. (Motion, Ex. A.)  Petitioner was found guilty of possessing inmate-manufactured alcohol at a disciplinary hearing held on August 25, 2005[1] and was assessed 120 credits.  (Motion, Ex. A.)

2.  Petitioner filed a petition for writ of habeas corpus[2] in the Sacramento County Superior Court claiming that Officer Feryance did not give him a copy of the disciplinary decision until February 22, 2006, at which time he attempted to file an administrative appeal of the decision, only to have it screened out as untimely.  (Opp'n, Ex. A. [docket no. 13 at 18].)  That petition was denied on July 7, 2006 based on a finding that there was some evidence to support the institution's conclusion that Feryance had given petitioner a copy of the decision on September 4, 2005.  (Id.)  Moreover, the court found petitioner failed to show he made any

---

[1]  Although the Superior Court order states the disciplinary hearing was held on August 25, 2007, it is clear from the context that the hearing took place in 2005.  In addition, petitioner refers to the hearing date as August 25, 2005 in his CDC-602 grievance.  (Motion, Ex. A at 17.)

[2]  Neither party provided a copy of this petition, nor cited the date the petition was filed. For ease of reference, the court will refer to this petition as the "2006 petition."

attempt, within a reasonable time period after the August 25, 2005 hearing, to obtain a copy of the CDC-115 document.  The court stated petitioner should have begun his efforts to obtain a copy of the decision closer to the August 25, 2005 hearing date, rather than waiting for months. (Id.)

3.  On December 16, 2006, petitioner submitted a CDC-602 administrative appeal, claiming no more than 30 days could be assessed for the violation, and arguing he could not be found guilty without laboratory testing of the alcohol.  (Motion, Ex. A.)  The CDC-602 administrative appeal was dismissed on July 30, 2007 as untimely.  (Motion, Ex. A.)

4.  Petitioner first challenged the disciplinary decision by filing a petition for writ of habeas corpus in the Sacramento County Superior Court on November 6, 2007 under the mailbox rule.  (Motion, Ex. A.)  On December 21, 2007, the Superior Court denied the petition, finding that petitioner failed to exhaust his administrative remedies and failed to state a prima facie claim for relief.  (Petition at 22.)

5.  Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, in Case No. C057826, and on January 17, 2008, the petition was denied.  (Petition at 20.)

6.  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, Case No. S160741.  (Petition at 19.)  The petition was denied citing See In re Dexter (1979) 25 Cal.3d 921 on March 12, 2008.  (Petition at 19.)

7.  On September 2, 2008,  petitioner filed the instant federal habeas corpus petition.[3]

/////

/////

---

[3]  September 2, 2008 is the date on which petitioner, proceeding pro se, delivered the federal habeas petition to prison officials for mailing.  Under the mailbox rule, that date is considered the filing date of the petition.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

ANALYSIS

When a habeas petitioner challenges an administrative decision such as imposition of a prison disciplinary, the underlying action is not final for purposes of the AEDPA statute of limitations until the denial of administrative review.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003); see also In re Dexter, 25 Cal.3d 921, 925 (1979) (state habeas petition challenging administrative determination not cognizable until the conclusion of administrative proceedings).

Here, the administrative decision issued on August 25, 2005.  Under Cal. Code Regs. tit. 15 § 3084.6(c), petitioner had 15 days within which to appeal.  Petitioner's appeal was due by Friday, September 9, 2005.  However, petitioner did not file an appeal within those 15 days.  Thus, the one-year statute of limitations period began to run on September 10, 2005.

Once the statute begins to run, it is tolled during the pendency of any "properly filed" state collateral attack on the judgment.  Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).  Respondent stipulates that the limitations period was tolled from the date petitioner first challenged the prison disciplinary in the Sacramento County Superior Court.  Thus, petitioner was entitled to tolling from November 6, 2007, through the final decision of the California Supreme Court on March 12, 2008.

However, the statute ran from September 10, 2005 until August 9, 2006.  The statute of limitations period expired before petitioner began the state appellate process, absent any tolling of the statute.  Fed. R. Civ. P. 6(a) (excluding the day on which the period begins to run from the calculation of time).

As a general rule, the limitation period is tolled "while a California petitioner 'complete[s] a full round of [state] collateral review.'"  Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003)(quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)).  Here, however, petitioner did not commence the state exhaustion process until he filed his petition for writ of habeas corpus challenging the disciplinary conviction in the California Superior Court on

4

1    November 6, 2007, after the statute of limitations period had run on August 9, 2006.  State

2    habeas petitions filed after the one-year statute of limitations has expired do not revive the statute

3    of limitations and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

4    2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001); Green v. White, 223 F.3d 1001, 1003

5    (9th Cir. 2000).  Because petitioner failed to file any post-conviction challenges within the statute

6    of limitations period, the limitations period expired on August 9, 2006.  Petitioner's filing in

7    federal court, on September 2, 2008, cannot revive a statute of limitations period.

8            Petitioner cites Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005) for the

9    proposition that "the [limitations] period is not affected or 'untolled' merely because a petitioner

10   files an overlapping petition before exhaustion is complete."  Gaston, 417 F.3d at 1042-43.  It

11   appears petitioner seeks statutory tolling for the July 2006 petition for writ of habeas corpus filed

12   in the Sacramento County Superior Court, and believes he is entitled to claim statutory tolling

13   from July 2006 through the March 12, 2008 denial by the California Supreme Court.

14           First, the statute of limitations period is tolled during pendency of a state

15   application challenging the pertinent judgment.  Tillema v. Long, 253 F.3d 494, 502 (9th Cir.

16   2001).  Because the 2006 state habeas petition did not challenge the disciplinary conviction, it

17   cannot be considered as tolling the statute of limitations period herein.

18           Second, even if the court could consider the 2006 petition, petitioner does not get

19   the benefit of interval tolling for the period of time between the denial of the first petition and the

20   filing of the second petition under the continuous pending rationale of Nino v. Galaza, 183 F.3d

21   1003 (9th Cir.1999).  In Nino, the Ninth Circuit found that the statute of limitations is tolled for

22   exhaustion of state court remedies during intervals between the dispositions of state collateral

23   actions and the filing of a subsequent collateral action at the next state appellate level.  Id. at

24   1006-1007; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  Each time a petitioner

25   files a new habeas petition at the same or lower level, the subsequent petition has no effect on the

26   /////

1 already pending application, but triggers an entirely separate round of review.  Delhomme v.

2 Ramirez, 340 F.3d 817 (9th Cir. 2003).

3          Because the second petition was again brought before the Sacramento County

4 Superior Court, petitioner was not proceeding in an orderly fashion and his petition was

5 successive.  Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D.Cal.2001)(declined to apply the

6 Nino standard of tolling to successive superior court petitions); see also Dils, 260 F.3d at 986 (no

7 tolling between successive petitions).

8          Third, the Gaston opinion cited by petitioner was subsequently modified by

9 Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) in light of Evans v. Chavis, 546 U.S. 189, 126

10 S.Ct. 846 (2006)(In cases where a California court has denied collateral review without

11 commenting on timeliness, a federal habeas court must undertake an independent review,

12 deciding whether the state court petition was filed within what California would consider a

13 "reasonable time.")  Even if the court considered the 2006 petition, the 16 month gap between

14 the July 7, 2006 denial and the November 6, 2007 petition would be unreasonable under

15 California law.

16          Unless petitioner is entitled to a substantial period of equitable tolling, the petition

17 is barred by the statute of limitations because the instant petition was filed over two years too

18 late.  Ferguson v. Palmateer, 321 F.3d. 820, 823 (9th Cir. 2003) (dismissing habeas petition

19 where AEDPA statute of limitations period had run before state collateral relief sought).

20          Petitioner argues he is entitled to equitable tolling based on a laundry list of

21 reasons:  "any delays were the result of petitioner's lack of knowledge of the law, his dependence

22 upon prison officials erroneous advice, his lockdowns in prison preventing him from working on

23 his claims in a diligent manner, going to the law library, misplaced mail, [and] difficulties in

24 obtaining prison documents.  (Opp'n at 2 [docket no. 13 at 10].)  Petitioner argues he has worked

25 in a diligent manner, demonstrated a sincerity of purpose and reasonableness and attempted to

26 resolve the problem informally before filing in federal court.  (Id.)

Equitable tolling will apply if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)).  Petitioner bears the burden of showing that equitable tolling applies.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Equitable tolling is justified in few cases, and "the threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Here, petitioner has not demonstrated that he has pursued his claims diligently. Petitioner did not file an administrative appeal following the disciplinary until over one year and five months had elapsed.  Over two years elapsed between the imposition of the disciplinary and petitioner's first state habeas petition challenging the disciplinary.  Moreover, after his state habeas petition was denied by the California Supreme Court he waited almost another six months before filing his federal habeas petition.  Under these circumstances it cannot be said that petitioner diligently pursued his claims.

Petitioner's claim he lacked knowledge of the law does not compel equitable tolling.[4]

/////

---

[4]  See Donovan v. Maine, 276 F.3d 87 (1st Cir.2002)( "The petitioner's assertion that his pro se status somehow entitled him to equitable tolling is wide of the mark. While pro se pleadings are to be liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time.")(Citation omitted); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) (holding that ignorance of the law and petitioner's reliance on inmate law clerk to draft the state petition does not relieve petitioner from his personal responsibility to comply with the law); Felder v. Johnson, 204 F.3d 168 (5th Cir.2000) (holding that mere ignorance of the law does not justify equitable tolling); Oetting v. Henry, No. CIV S-04-1180 MCE KJM P, 2005 WL 1555941 (E.D.Cal. Jun.24, 2005)( "Neither the inmate's ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based."); Meiggs v. Pinkens, No. C 99-3638 EDL (PR), 2000 WL 101245, at *3 (N.D. Cal. Jan. 20, 2000)( "Ignorance of the deadline-whether on the part of the petitioner herself or due to the petitioner's attorney's negligence-does not merit equitable tolling for the delay caused by such ignorance .").

1    Moreover, lockdowns are not an extraordinary circumstance in prison that would

2 justify or excuse such delay.  As one district court observed:

3         Lockdowns, however, and resulting restricted access to the prison
          law library are not, by themselves, extraordinary circumstances for
4         prisoners.  See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th
          Cir.2002) (recognizing that the lack of access to library material
5         does not automatically qualify as grounds for equitable tolling);
          United States v. Van Poyck, 980 F.Supp. 1108, 1111
6         (C.D.Cal.1997) (without demonstration of petitioner's diligence,
          lockdowns at prison allegedly eliminating access to law library
7         were not extraordinary circumstances warranting equitable tolling);
          Rosati v. Kernan, 417 F.Supp.2d 1128, 1132 (C.D.Cal.2006)
8         ("[P]etitioner's complaints about limited access to the law library
          and legal materials at various state prisons and occasional prison
9         lockdowns do not warrant equitable tolling since petitioner has not
          shown any causal connection between these events and his failure
10        to timely file his habeas corpus petition."); see also Corrigan v.
          Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y.2005) ("In general,
11        the difficulties attendant on prison life such as transfers between
          facilities, solitary confinement, lockdowns, restricted access to the
12        law library, and an inability to secure court documents, do not by
          themselves qualify as extraordinary circumstances.").  In sum,
13        Petitioner does not explain how any lockdowns constituted
          extraordinary circumstances that prevented him from timely filing
14        his federal petition.

15 *7 Robinson v. Marshall, No. CV-07-1606-GHK (JWJ), 2008 WL 2156745 at *3 (C.D.Cal. May

16 18, 2008).  Petitioner provided no dates or other details to support his argument that prison

17 lockdowns prevented him from timely filing the instant petition.

18    The court finds that petitioner has not satisfied his burden of establishing that he

19 acted diligently in filing his federal petition.  Petitioner has presented no evidentiary support for

20 his argument that he encountered extraordinary circumstances that prevented him from filing his

21 federal petition in a timely fashion.

22    For all of the foregoing reasons, this action is barred by the statute of limitations.

23 Accordingly, respondents' November 12, 2008 motion to dismiss should be granted.

24    Because the instant action is time-barred, the court need not reach the question of

25 whether petitioner failed to exhaust his administrative remedies.

26 /////

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Respondents' November 12, 2008 motion to dismiss (#11) be granted; and

3    2.  This action be dismissed as barred by the statute of limitations.

4    These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

9  failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  December 16, 2008.

12

13  _____

14  UNITED STATES MAGISTRATE JUDGE

15  001; boyd2189.mtd

16

17

18

19

20

21

22

23

24

25

26